IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLESTON AREA MEDICAL CENTER, INC.,

    Plaintiff,

v.                                    CIVIL ACTION NO. 2:11-cv-00480
                                            and 2:11-cv-00484

CHARLES EMORY BIAS,

    Defendant/Third-Party Plaintiff,

v.

BENEFIT PLAN ADMINISTRATORS, INC.,
A West Virginia corporation,
ADMINISTRATIVE RESOURCE MANAGEMENT, LLC,
A West Virginia LLC,
JOHN or JANE DOE, an unknown employee of BPA or ARM,
BILL MILLER INSURANCE,
A West Virginia corporation,
BILL MILLER, MARY BENDER, LEIGH REYNOLDS,

    Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending in 2:11-cv-00480 is defendant/third-party plaintiff's combined motion to remand and response to motions to dismiss of third-party defendants [Docket 19]. Third-party defendants Benefit Plan Administrators, Inc., Mary Bender and Leigh Reynolds ("BPA Defendants") combined their response to the motion to remand and reply to the motion to dismiss [Docket 21]. Third-party defendants Bill Miller and Bill Miller Insurance joined the reply of the BPA Defendants [Docket

22]. Third-party defendant Administrative Resource Management, LLC did not respond to the motion to remand.

While the two cases referenced above have different civil action numbers they are identical in substance. Accordingly, I **ORDER** them consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a). Civil action number 2:11-cv-00480 is designated as the lead case.

In their response to the motion to remand the BPA Defendants concede based on relevant case law that "as third-party defendants, their defense of complete preemption under ERISA to Bias' claims apparently does not entitle them to remove the action to this Court." They further concede that "Bias' [third-party] claims against the BPA Defendants for what is essentially indemnification for any recovery obtained by CAMC, is not separate and independent from CAMC's claim and does not support removal." Lastly, they concede that they cannot ask the court to realign them as defendants who would have the right to remove the action.

Given the third-party defendants' concession that removal jurisdiction is absent, I hereby **GRANT** the motion and these consolidated actions are **REMANDED** to the Circuit Court of Kanawha County. It follows that the motions to dismiss filed by the third-party defendants at Docket 3 and 5 and the motion by Administrative Resource Management, LLC to join the motion to dismiss at Docket 11 are all **DENIED** as moot. Defendant Administrative Resource Management, LLC's motion to withdraw notice of removal [Docket 6 in 2-11-cv-00484] is also **DENIED** as moot.

The court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record, the Circuit Clerk of Kanawha County and any unrepresented party.

ENTER: September 23, 2011

Joseph R. Goodwin, Chief Judge